Bea.com, J.
This case involves large amounts of assessments made in this city against abutting owners for improvements madé for paving streets. It relates to certain property in the vicinity of Woodland Hills. The facts are, substantially, that in 1903 a declaratory resolution was passed by the council, declaring the intention to improve the streets and the intention to levy assessments upon the abutting property to pay therefor. At that time the statutes of the state allowed the assessment of an amount not exceeding 33 1-3 per cent, of the tax valuation of the abutting property. It was discovered by the city authorities that the improvement could not be paid for by such an assessment, and after the declaratory resolution had been passed and the ordinance to improve had gone through the council and the notices required by statute had been given to the property owners, the city did nothing for a period of time. Subsequently, some time in the early part of 1904, the Legislature passed a statute allowing the assessment of 33 1-3 per cent, upon the value of the property after the improvement had been made, which was manifestly a march greater power to assess than was given by the old statute. The city, then, without passing a new declaratory resolution and without further notice to abutting owners, proceeded to pass an ordinance to improve, repealing the old ordinance, and to make an assessment very much in excess of what could have been made under the old statute, and to take the other necessary steps in order to carry out the improvement and to levy an assessment to pay therefor. In addition to that, bonds were issued by the city to pay therefor. In addition to all this legislation and the required notices of the legislation published in the official organ of the city, the notice that the assessment was on file in the engineer’s office was advertised in the Recorder, the World, the Plain Dealer and the Waechier und Anzeiger, all newspapers of large circulation, the city seeking not .only to fulfill the requirements of the statutes in regard to publication, but endeavoring to give actual notice.
*222 It'is admitted by the city that the Supreme Court has held that the beginnings of legislation made in 1903 could not be carried on by the proceedings by which the city proceeded to carry it on in 1904; that it would have to begin de novo, or .at least give the notice required in a proceeding of this kind, which is a proceeding to take away people’s property. That can only be done by due process of law, and one of the things necessary to be done is, that the party be notified of what is intended so that he may come in and object and have, as it were, his day in court.
The city, substantially admitting that the legislation is insufficient, claims that plaintiffs are estopped. It says that not only was this legislation passed and published as I have mentioned, but that each and every one of these plaintiffs came in December, 1904, and paid an installment of this assessment, and again in June, 1905, and paid another installment, and again in December, 1905, and paid, a third installment; that the physical improvements were made in 1905, were finished late in the fall of that year, and that in June, 1906, the concrete having been laid in the street, the brick pavement having been laid in the street, the improvement having been made, the abutting property having had the benefit of $114,000 expended there, instead of in June, 1906, paying to the treasurer the fourth installment, the petitioners filed in the clerk’s office a petition, asking the court to restrain the treasurer from collecting any further installments of this assessment. These are undisputed facts. The city says that petitioners are estopped from coming in now.
It is, of course, true that people who do not speak when they should will not be heard to speak when they would. That is morals and what is morals is generally law, and that is law. The city says that, these people by sitting silent and not protesting but by coming in and paying the first, second and third installments thereby said in substance by their conduct, “We are satisfied that this improvement shall go on, and we- expect to pay therefor. ’ ’
The court makes but one finding of fact: The court finds that after all these- things had been done, this legislation passed, *223 these notices published in the newspapers, all the things done which I have in part enumerated and which I do not need to enumerate in full, these plaintiffs did know that they were expected to pay for that improvement and to pay for it according to the assessment levied on them in 1904.
In State v. Van Horne, 7 Ohio St., 327, certain tax-payers in a township attempted to enjoin the levying of taxes for the payment of bonds given to a railroad. The Supreme Court said that the legislation authorizing the issue of the bonds was invalid but that the tax-payers had allowed them to be sold and had paid the interest for four years, thereby saying to innocent purchasers that they were satisfied with them, and that they could not now be heard to speak. The court said they could not blow hot to get the bondholders’ money and then blow cold to rid themselves of the obligation to repay.
In Upington v. Oviatt, 24 Ohio St., 232, the advertisement for bids for doing the work had not been made as required by statute. The Supreme Court held, however, that persons who remained silent and knowingly permitted public moneys to be expended for making the improvement could not be heard to complain, but were estopped from making this defense.
Likewise, in State v. Mitchell, 31 Ohio St., 592, it was held that legislation' for the improvement of High street, Columbus, was invalid, unconstitutional and void, but that the persons who had petitioned for the improvement were estopped from denying the validity of the assessment.
In Tone v. Columbus, 39 Ohio St., 281, also a High street, Columbus, case, the substance of that voluminous opinion ' is indicated by Judge Okey in a dissenting opinion. He says, page 311: “I do not concur in the view that, in a case like this, there can be an estoppel by silence.” The majority of the court had held that not only were those bound who affirmatively petitioned for the improvement but also those who sat silent and allowed it to go on.
In Columbus v. Sohl, 44 Ohio St., 479, also one of the High street, Columbus, cases, the eotfrt say in substance that it makes no difference what kind of legislation has been passed, that if people know what is going on and know what they are expected *224 to pay, if they remain silent they must pay. The court says, on page 282:
William ILou-ell and Deutsch, Howells & Grossman, for plaintiffs. ' ®
Baker, Wilcox, Payer, Wilkins & Carey, City Solicitors, for defendants.
“The rights of all parties, including the city, are to be determined by the law of contract and agency. ”
In Columbus v. Alger, 44 Ohio St., 485, relied on by plaintiffs, the court affirms the judgment of the iower court, but I can not discover what the judgment of the lower court was.
In this city, about 1889, Bond street was paved, and Clinton D. French owned a large frontage there. ITe allowed the bonds to be sold and he paid three assessments, and got the pavement laid in front of his property, and then sought to enjoin the assessments. About 1902 the ease was tried in this court. All there was to the city’s case was to ask French on the witness stand whether or not during the summer when the improvement was made he lived on Bond street. He answered “Yes.” The city rested its case solely on that, paying no attention to alleged irregularity. The case was decided in favor of the city, and French paid the money.
I assume that the legislation in this present case was irregular. I don’t mean to say that it was so. But the court is of opinion that all of these plaintiffs did know that they were expected to pay under the assessment of 1904, and that after coming in and paying until the improvement was made and then ceasing to pay and attempting to enjoin, it would be unconscionable to permit them to do so. They have had $114,000, the money of their neighbors, to improve their own land. The improvement was very valuable to the abutting owners, the plaintiffs. Bach remained silent until it was made. These people got the property of their neighbors for the improvement of their private property, and now pay day has come and they must pay. To permit them now to refuse to pay after this improvement has been made would be to permit them to perpetrate a fraud. Injunction refused. Petition dismissed.